UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANDREW OROSCO JR., #785202,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN BROWN and RONALD ARGUELLES,<br><br>Defendants. | §<br>§<br>§<br>§  SA-24-CV-00926-XR<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### ORDER OF DISMISSAL

Before the Court is *pro se* Plaintiff Andrew Orosco Jr.'s 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may *sua sponte* dismiss an action for failure to prosecute or for failure to comply with any court order. *Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see* FED. R. CIV. P. 41(b). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). Upon review, Orosco's Complaint is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and failure to comply with an Order of this Court. (Dkt. No. 1); *see* FED. R. CIV. P. 41(b).

### FAILURE TO COMPLY WITH COURT ORDER

#### A. Applicable Law

The filing fee for any civil action is $405.00; however, this includes an administrative fee of $55.00, which is waived when a prisoner is granted IFP status. *See* Fee Schedule – U.S. District Court (uscourts.gov) (last visited Nov. 5, 2024); District Court Miscellaneous Fee Schedule |

United States Courts (uscourts.gov) (last visited Nov. 5, 2024). Every federal–court litigant is liable for the filing fee when instituting a civil action. 28 U.S.C. § 1914(a); *see Norton v. Dimazana*, 122 F.3d 286, 290–91 (5th Cir. 1997); *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). However, a prisoner such as Orosco is not required to prepay his filing fee; rather, he may seek to proceed *in forma pauperis* ("IFP") by filing with the Court an affidavit showing he is unable to pay the fees, accompanied by a certified copy of his trust fund account statement for the preceding six months. *See* 28 U.S.C. § 1915(a)(1), (b). A prisoner who brings a civil lawsuit IFP is subject to paying an initial partial filing fee, and thereafter, monthly payments until the entire filing fee is paid in full. *See* 28 U.S.C. § 1915(b); *Bruce v. Samuels*, 577 U.S. 82, 85–86 (2016); *Robbins*, 104 F.3d at 898 (holding every IFP litigant is liable for filing fee, "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*–payment of fees."). The Court does not have the authority to waive the filing fee. *Robbins*, 104 F.3d at 898.

    **B.  Application**

When Orosco filed his Complaint, he filed a motion to proceed IFP but failed to attach a copy of his six–month inmate trust account statement. (ECF Nos. 1, 2). By Order dated Aug. 21, 2024, the Court denied Orosco's motion and ordered him to pay the filing fee or file a properly supported IFP application within thirty (30) days of the date of the Order, i.e., on or before September 20, 2024. (ECF No. 4). The Order advised Orosco that if he failed to comply, his suit could be dismissed for failure to prosecute and failure to comply with the Court's Order. (*Id.*); *see* FED. R. CIV. 41(b). Although given ample opportunity to comply, Orosco has failed to do so. Accordingly, this case is subject to dismissal for want of prosecution and failure to comply with the Court's August 21, 2024 Order. *See* FED. R. CIV. P. 41(b).

**FAILURE TO NOTIFY COURT OF ADDRESS CHANGE**

A. *Applicable Law*

The orderly and expeditious disposition of cases requires that if a litigant's address changes, he or she has a duty to inform the court of the change. *Salazar v. Wallace*, No. 1:13CV447, 2019 WL 1065142, at *1 (E.D. Tex. Feb. 14, 2019), *report and recommendation adopted*, No. 1:13-CV-447, 2019 WL 1062567 (E.D. Tex. Mar. 6, 2019). It is neither feasible nor required that a clerk of court take it upon himself or herself to maintain current addresses on the parties to pending action. *Id.* Rather, it is the responsibility of the parties—*pro se* or otherwise—to inform the Court of changes of address given that communications between a court and litigants is principally conducted by mail. *Id.* Moreover, parties to an action are obligated to make timely status inquiries and in so doing, would *per force* provide address changes as those would be reflected in any written inquiry. *Id.*

B. *Application*

When Orosco filed his Complaint he was confined in the Bexar County Adult Detention Center ("BCADC"). (ECF No. 1). Accordingly, the Court's August 20, 2024 case opening letter and August 21, 2024 IFP Order were sent to Orosco at the BCADC. The case opening letter advised Orosco of his responsibility to "keep the court informed of your current address throughout the pendency of your case." (ECF No. 3). The letter warned Orosco that if he failed to do so, his case could be dismissed for want of prosecution. (*Id.*).

The case opening letter was to the Court as undeliverable.[1] (ECF No. 5). When returned, the envelope had the following notations: "RETURN TO SENDER[,]" ATTEMPTED – NOT

---

[1] For reasons unknown to the Court, the Court's August 21, 2024 IFP deficiency Order was not returned as undeliverable.

3

KNOWN[,]" and "INMATE RELEASED." (*Id.*). The envelope was also stamped with a "Return to Sender Box" with several available options for the return. (*Id.*). The option checked off was "INMATE RELEASED." (*Id.*).

Based on the foregoing, the Court searched the Bexar County court and jail records website. The Bexar County court records website shows that following a plea of nolo contendere, Orosco was convicted of aggravated assault with a deadly weapon on August 12, 2024. *See* [Register of Actions - DC2024CR2218](#) (last visited Nov. 5, 2024). That same day he was sentenced to five years' confinement in the Texas Department of Criminal Justice. *Id.* The website for the BCADC shows Orosco was released from that facility September 27, 2024. *See* [Jail Search](#) (last visited Nov. 5, 2024); [Jail View](#) (same).

Despite his release, which means his address is no longer the BCADC, and the warning in the case opening letter, Orosco has failed to file a notice of address change. Orosco's failure to file the required notice prevents this Court from communicating with him and moving this case toward resolution, suggesting Orosco no longer desires to prosecute this matter. Thus, based on his failure to provide the Court with a current address, this case is subject to dismissal for want of prosecution pursuant to Rule 41(b). *See* FED. R. CIV. P. 41(b).

## CONCLUSION

Based on the foregoing, the Court finds Orosco's Complaint is subject to dismissal for want of prosecution and for failure to comply with this Court's August 21, 2024 Order. It is also subject to dismissal for want of prosecution based on Orosco's failure to provide this Court with his current address following his release from the BCADC.

**IT IS THEREFORE ORDERED** that Orosco's 42 U.S.C. § 1983 Civil Rights Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's August 21, 2024 Order. *See* FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that Orosco's 42 U.S.C. § 1983 Civil Rights Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute based on his failure to provide the Court with his current address. *See* FED. R. CIV. P. 41(b).

It is so **ORDERED**.

**SIGNED** this 6th day of November, 2024.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE